PER CURIAM.
Pursuant to the procedures approved by this Court in Amendments to the Florida Family Law Rules of Procedure & Family Law Forms, 810 So.2d 1, 14 (Fla.2000), this Court has internally reviewed the Florida Supreme Court Approved Family Law Forms and has determined that new forms pertaining to petitions for temporary or concurrent custody should be adopted. We received input on these issues from the Advisory Workgroup on the Florida Supreme Court Approved Family Law Forms, which provided valuable assistance. We have jurisdiction. See art. V, § 2(a), Fla. Const.
In chapter 2010-30, Laws of Florida, the Florida Legislature adopted amendments to Chapter 751, Florida Statutes, related to the issue of temporary and concurrent child custody.[1] Specifically, in chapter 2010-30, the legislature amended sections 751.01, 751.011, 751.02, 751.03, and 751.05, Florida Statutes; as amended, these sections set forth the procedures for filing petitions for temporary and concurrent custody arrangements; the notice and opportunity to be heard that must be afforded to the child’s parents; and the trial court’s responsibilities in considering the petition. Upon consideration of these amendments, we adopt the following new Supreme Court Approved Family Law Forms: form 12.970(a) (Petition for Temporary Custody by Extended Family); form 12.970(b) (Petition for Concurrent Custody by Extended Family); form 12.970(c) (Waiver of Service of Process and Consent for Temporary Custody by Extended Family); form 12.970(d) (Waiver of Service of Process and Consent for Concurrent Custody by Extended Family); form 12.970(e) (Order Granting Petition for Temporary Custody by Extended Family); and form 12.970(f) (Order Granting Petition for Concurrent Custody by Extended Family).
The new forms are adopted as set forth in the appendix to this opinion, fully engrossed and ready for use. The forms shall become effective immediately upon the release of this opinion. The forms may also be accessed and downloaded from the Florida State Court’s website at www. flcourts.org/ gen_public/family/forms_rules/index.shtml. By adoption of the new forms, we express no opinion as to their correctness or applicability. We also direct that the new forms be published for comment. Interested persons shall have sixty days from the date of this opinion to file comments with the Court.[2]
It is so ordered.
*980 CANADY, C.J., and PARIENTE, LEWIS, QUINCE, POLSTON, LABARGA, and PERRY, JJ., concur.
APPENDIX
INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.970(a), PETITION FOR TEMPORARY CUSTODY BY EXTENDED FAMILY (04/11)

When should this form be used?

This form should be used by an extended family member to obtain temporary custody of a child or children pursuant to Chapter 751, Florida Statutes. This form should not be used if you are a parent seeking to establish parental responsibility or time-sharing with a child or children.
An Extended Family Member is:
A relative of a minor child within the third degree by blood or marriage to the parent;
OR
The stepparent of a minor child if the stepparent is currently married to the parent of the child and is not a party in a pending dissolution, separate maintenance, domestic violence, or other civil or criminal proceeding in any court of competent jurisdiction involving one or both of the ehild(ren)’s parents as an adverse party.
You may file a Petition for Temporary Custody if:
You have the signed, notarized consents of the child(ren)’s legal parents;
OR
You are an extended family member who is caring full time for the child(ren) in the role of a substitute parent and with whom the children) is (are) presently living.
If one of the minor ehild(ren)’s parents objects to the Petition, the court shall grant the Petition only upon a finding, by clear and convincing evidence, that the child(ren)’s parent or parents are unfit to provide for the care and control of the child(ren). In determining that a parent is unfit, the court must find that the parent has abused, abandoned, or neglected the children), as defined in Chapter 39, Florida Statutes. If you do not have the parents’ consents you should consult a family law attorney before you file your papers.
If you do not meet the qualifications above, you should talk to an attorney about other options. You may also report any suspected abuse, abandonment, or neglect to the appropriate authorities.
This form should be typed or printed in black ink. After completing this form, you should sign the form before a notary public or deputy clerk. You should file the original with the clerk of the circuit court in the county where you live and keep a copy for your records.

What should I do next?

IF YOU HAVE SIGNED AND NOTARIZED WAIVERS OF SERVICE OF PROCESS AND CONSENTS from the child(ren)’s mother and father, and the case is uncontested, you may call the clerk, family law intake staff, or judicial assistant, to set a final hearing. You must notify the child(ren)’s parents of the hearing by using a Notice of Hearing (General), Florida Supreme Court Approved Family Law Form 12.923, or other appropriate notice of hearing form.
If one of the parents is deceased, you must file a certified copy of the proof of death. IF YOU DO NOT HAVE SIGNED AND NOTARIZED WAIVERS OF SERVICE OF PROCESS AND CONSENTS from the child(ren)’s parents, you must properly *981 notify the parents of the petition. If you know where he or she lives, you should use personal service. If you absolutely do not know where he or she lives after conducting a diligent search, you may use constructive service. You must complete all of the searches listed in the Affidavit of Diligent Search and Inquiry, Florida Family Law Rules of Procedure Form 12.913(b), and file the form with the clerk. You should seek legal advice on constructive service as this is a complicated area of the law. If the identity of one parent is unknown, you will need to seek legal advice to determine the proper way to serve an unknown parent. For more information, see Chapter 49, Florida Statutes.
If personal service is used, the parents have 20 days to answer after being served with your petition. Your case will generally proceed in one of the following ways: DEFAULT ... If after 20 days, no answer has been filed, you may file a Motion for Default, Florida Supreme Court Approved Family Law Form 12.922(a), with the clerk of court. You must file a Notice for Trial, Florida Supreme Court Approved Family Law Form 12.924. Then, if you have filed all of the required papers, you may call the clerk, family law intake staff, or judicial assistant, to set a final hearing. You must notify the child(ren)’s parents of the hearing by using a Notice of Hearing (General), Florida Supreme Court Approved Family Law Form 12.923, or other appropriate notice of hearing form.
CONTESTED ... If either parent files an answer which disagrees with or denies anything in your petition, and you are unable to settle the disputed issues, you must file a Notice for Trial, Florida Supreme Court Approved Family Law Form 12.924, to request a final hearing. Some circuits may require the completion of mediation before a final hearing may be set. You should contact the clerk, family law intake staff, or judicial assistant for instructions on how to set your case for trial (final hearing).
At any time, either or both of the ehild(ren)’s parents may petition the court to modify or terminate the order granting temporary custody. The court shall terminate the order upon a finding that the parent is a fit parent, or by the consent of the parties. The court may modify an order granting temporary custody if the parties consent or if the modification is in the best interest of the children).
Where can I look for more information? Before proceeding, you should read General Information for Self-Represented Litigants found at the beginning of these forms. The words that are in bold underline in these instructions are defined there. For further information, see Chapter 751 and Chapter 39, Florida Statutes.
Special Notes ...
If you do not have the money to pay the filing fee, you may obtain an application for Determination of Civil Indigent Status, fill it out, and the clerk will determine whether you are eligible to have filing fees deferred.
With this petition, you must file the following and provide a copy to the other party:
• Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) Affidavit, Florida Supreme Court Approved Family Law Form 12.902(d).
• Notice of Related Cases, Florida Family Law Rules of Procedure Form 12.900(h).
• Family Court Cover Sheet, Florida Family Law Rules of Procedure Form 12.928.
• Non-Military Affidavit, Florida Supreme Court Approved Family Law *982 Form 12.912(b). (Required only for obtaining a default on petitions that have been personally or constructively served. Not required if both parents have signed a waiver and consent)
Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a Disclosure from Nonlawyer, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms must also put his or her' name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
*983 [[Image here]]
*984 [[Image here]]
*985 [[Image here]]
*986 [[Image here]]
*987 INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.970(b), PETITION FOR CONCURRENT CUSTODY BY EXTENDED FAMILY (04/11)

When should this form be used?

This form should be used by an extended family member to obtain concurrent custody of a child or children pursuant to Chapter 751, Florida Statutes. This form should not be used if you are a parent seeking to establish parental responsibility or time-sharing with a child or children. “Concurrent custody” means that an eligible extended family member is awarded custodial rights to care for a child or children concurrently with the child(ren)’s parent or parents.
An Extended Family Member is:
A relative of a minor child within the third degree by blood or marriage to the parent;
OR
The stepparent of a minor child if the stepparent is currently married to the parent of the child and is not a party in a pending dissolution, separate maintenance, domestic violence, or other civil or criminal proceeding in any court of competent jurisdiction involving one or both of the child(ren)’s parents as an adverse party.
You may file a Petition for Concurrent Custody if:
You have the signed, notarized consents of the child(ren)’s legal parents;
OR
You are an extended family member who is earing full time for the ehild(ren) in the role of a substitute parent and with whom the child(ren) is (are) presently living.
In addition, you must currently have physical custody of the children) and have had physical custody of the child(ren) for at least 10 days in any 30-day period within the last 12 months; and not have signed, written documentation from a parent which is sufficient to enable you to do all the things necessary to care for the child(ren).
If you do not meet the qualifications above, you should talk to an attorney about other options. You may also report any suspected abuse, abandonment, or neglect to the appropriate authorities.
This form should be typed or printed in black ink. After completing this form, you should sign the form before a notary public or deputy clerk. You should file the original with the clerk of the circuit court in the county where you live and keep a copy for your records.

What should I do next?

IF YOU HAVE SIGNED AND NOTARIZED WAIVERS OF SERVICE OF PROCESS AND CONSENTS from the ehild(ren)’s mother and father, you may call the clerk, family law intake staff, or judicial assistant, to set a final hearing. You must notify the child(ren)’s parents of the hearing by using a Notice of Hearing (General), Florida Supreme Court Approved Family Law Form 12.923, or other appropriate notice of hearing form.
If one of the parents is deceased, you must file a certified copy of the proof of death. If one of the minor child(ren)’s parents objects to the Petition for Concurrent Custody in writing, the court may not grant the petition even if the other parent consents, in writing, to the entry of the order. If a parent objects, you have the option of converting the Petition to a Petition for Temporary Custody by Extended Family, Florida Supreme Court Approved Family Law Form 12.970(a). If the Petition is not converted into a Petition for Temporary Custody by Extended Family, it shall be dismissed without prejudice.
*988 At any time, the Petitioner or either or both of the ehild(ren)’s parents may move the court to terminate the order granting concurrent custody. The coui’t shall terminate the order upon a finding that either or both of the child(ren)’s parents objects to the order. The fact that the order for concurrent custody has been terminated does not preclude any person who is otherwise eligible to petition for temporary custody from filing such petition.

Where can I look for more information?

Before proceeding, you should read General Information for Self-Represented Litigants found at the beginning of these forms. The words that are in bold underline in these instructions are defined there. For further information, see Chapter 751 and Chapter 39, Florida Statutes.

Special Notes ...

If you do not have the money to pay the filing fee, you may obtain an application for Determination of Civil Indigent Status, fill it out, and the clerk will determine whether you are eligible to have filing fees deferred.
With this petition, you must file the following and provide a copy to the other party:
• Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) Affidavit, Florida Supreme Court Approved Family Law Form 12.902(d).
• Notice of Related Cases, Florida Family Law Rules of Procedure Form 12.900(h).
• Family Court Cover Sheet, Florida Family Law Rules of Procedure Form 12.928.
• Non-Military Affidavit, Florida Supreme Court Approved Family Law Form 12.912(b). (Required only for obtaining a default on petitions that have been personally or constructively served. Not required if both parents have signed a waiver and consent.)
Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a Disclosure from Nonlawyer, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms must also put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
*989 [[Image here]]
*990 [[Image here]]
*991 [[Image here]]
*992 [[Image here]]
*993 INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM, 12.970(c), WAIVER OF SERVICE OF PROCESS AND CONSENT FOR TEMPORARY CUSTODY BY EXTENDED FAMILY (04/11)
This form is to be completed and signed by a parent who agrees to grant temporary custody of a minor child or child(ren) to an extended family member and agrees to waive service of process. Service of process occurs when a summons and a copy of the petition (or other pleading) that has been filed with the court are delivered by a deputy or private process server.
An Extended Family Member is:
A relative of a minor child within the third degree by blood or marriage to the parent;
OR
The stepparent of a minor child if the stepparent is currently married to the parent of the child and is not a party in a pending dissolution, separate maintenance, domestic violence, or other civil or criminal proceeding in any court of competent jurisdiction involving one or both of the child(ren)’s parents as an adverse party. This form should be typed or printed in black ink. After completing this form, you should sign the form before a notary public or deputy clerk. You should file the original with the clerk of the circuit court in the county where the Petition for Temporary Custody by Extended Family, Florida Supreme Court Approved Family Law Form 12.970(a) is filed and keep a copy for your records.

Special notes ...

Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a Disclosure from Nonlawyer, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping-you fill out these forms must also put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
*994 [[Image here]]
*995 [[Image here]]
*996 INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM, 12.970(d), WAIVER OF SERVICE OF PROCESS AND CONSENT FOR CONCURRENT CUSTODY BY EXTENDED FAMILY (04/11)
This form is to be completed and signed by a parent who agrees to grant concurrent custody of a minor child or children) to an extended family member and who agrees to waive service of process. Service of process occurs when a summons and a copy of the petition (or other pleading) that has been filed with the court are delivered by a deputy or private process server. “Concurrent custody” means that an eligible extended family member is awarded custodial rights to care for a child or children concurrently with the child(ren)’s parent or parents.
An Extended Family Member is:
A relative of a minor child within the third degree by blood or marriage to the parent;
OR
The stepparent of a minor child if the stepparent is currently married to the parent of the child and is not a party in a pending dissolution, separate maintenance, domestic violence, or other civil or criminal proceeding in any court of competent jurisdiction involving one or both of the child(ren)’s parents as an adverse party.
This form should be typed or printed in black ink. After completing this form, you should sign the form before a notary public or deputy clerk. You should file the original with the clerk of the circuit court in the county where the Petition for Concurrent Custody by Extended Family, Florida Supreme Court Approved Family Law Form 12.970(b) is filed and keep a copy for your records.

Special notes ...

Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a Disclosure from Nonlawyer, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms must also put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
*997 [[Image here]]
*998 [[Image here]]
*999 [[Image here]]
*1000 [[Image here]]
*1001 [[Image here]]
*1002 [[Image here]]
*1003 [[Image here]]
*1004 [[Image here]]
*1005 [[Image here]]
*1006 [[Image here]]
*1007 [[Image here]]
*1008 [[Image here]]
*1009 [[Image here]]
*1010 [[Image here]]
*1011 [[Image here]]
*1012 [[Image here]]
*1013 [[Image here]]
*1014 [[Image here]]
*1015 [[Image here]]

. The legislative amendments took effect July 1, 2010. See Ch. 2010-30, § 9, Laws of Fla.

. An original and nine paper copies of all comments must be filed with the Court on or before June 6, 2011, as well as a separate request for oral argument if the person filing the comment wishes to participate in oral argument, which may be scheduled in this case. Electronic copies of all comments also must be filed in accordance with the Court’s administrative order In re Mandatory Submission of Electronic Copies of Documents, Fla. Admin. Order No. AOSC04-84 (Sept. 13, 2004).